IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03306-PAB

VICTOR NEVAREZ-SANCHEZ,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, Acting Attorney General of the United States,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Victor Nevarez-Sanchez's

Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief

[Docket No. 1]. Respondents filed a response. Docket No. 7.

### I. BACKGROUND[1]

Petitioner is a citizen of Mexico who entered the United States without inspection

in or about 1991. Docket No. 1 at 5. Petitioner has lived continuously in the United

States for approximately 35 years and is the father of four United States citizen children.

*Id.* On or about March 11, 2020, petitioner was placed in removal proceedings. *Id.* On

April 21, 2023, an immigration judge ordered petitioner removed, which petitioner timely

appealed to the Board of Immigration Appeals. *Id.* Petitioner's appeal remains

pending; therefore, his removal order is not administratively final and his removal is

---

[1] The following facts are undisputed unless otherwise noted.

stayed. *Id.* Petitioner was previously released from immigration custody and has complied with all conditions of release. *Id.* at 5-6. On or about June 24, 2026, petitioner was arrested by Immigration and Customs Enforcement ("ICE") and booked in the Sweetwater County Detention Center in Rock Springs, Wyoming. *Id.* at 5. Petitioner faced a single state charge for failure to obtain a proper salvage vehicle title within 30 days, for which he posted a $3,000 bond. *Id.* Upon posting bond, petitioner was transferred to the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 6.

On July 21, 2026, petitioner filed a petition for habeas corpus, bringing claims that he is detained pursuant to § 1226(a) and that his detention violates his due process rights. *Id.* at 6-11. Petitioner requests his immediate release or, in the alternative, a bond hearing. *Id.* at 11-12. On August 3, 2026, respondents filed a response. Docket No. 7.

## II. ANALYSIS

The Court addresses petitioner's claim that his current detention violates his due process rights. Respondents do not address the merits of petitioner's claims in their response. Instead, respondents state that, "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition." Docket No. 7 at 1.

Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that "the interest in being free from physical detention by one's own government" is "the most elemental of liberty interests," the first factor weighs in favor of petitioner. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).

Relevant to the second factor is that petitioner was previously released from custody and has complied with all conditions of his release. In releasing petitioner, respondents necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondents do not provide any indication as to why petitioner's release was revoked and do not refute petitioner's claim that he complied with all conditions of release. Where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose

3

and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)).  "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest."  *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025).  Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a . . . reasonable explanation for [his] detention is low."  *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention.").  Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty.  *See Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted).  Accordingly, the third *Mathews* factor weighs in favor of petitioner.

4

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated.  Respondents provide no argument to the contrary.  They also do not contend that petitioner is a flight risk or danger to the community or provide a reason for why petitioner was re-detained after previously being released.  While respondents "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner," respondents do not explain why this relief is proper in light of their failure to contest the allegations in the petition.  *See* Docket No. 7 at 1-2.  Thus, the Court will grant the habeas petition on the basis of the due process claim and order petitioner's immediate release.  *See Perez-Cifuentes*, 2026 WL 1733489, at *3 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release.  Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination.") (internal quotations and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy."); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Victor Nevarez-Sanchez's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED August 4, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge